(27 Misc. Rep. 532.)

TANNENBAUM et al. v. BLOOMINGDALE.

(Supreme Court, Appellate Term.    May 24, 1899.)

CONTRACTS—INSURANCE—RENEWAL OF POLICY.
    A contract for insurance provided for yearly renewals at a specified rate per year, and was to expire three years after date.   The first policy was procured several months after the execution of the contract, and renewals were made at the expiration of each year.   *Held*, that insured was liable for the entire premium for the last renewal, notwithstanding it included payment for insurance after the expiration of the contract.

Appeal from municipal court, borough of Manhattan, Tenth district.

Action by Moses Tannenbaum and Samuel S. Baer against Joseph B. Bloomingdale.   From a judgment for plaintiffs, defendant appeals. Affirmed.

Argued before FREEDMAN, P. J., and MacLEAN and LEVENTRITT, JJ.

Horwitz & Samuels, for appellant.
Ernest Hall, for respondents.

FREEDMAN, P. J.   The pleadings in this action were oral, and in the record the complaint was stated to be an "action on contract for insurance premiums," and the answer to be a "general denial." The sole question before the court below, and which is to be determined by this court, is as to the construction of a written contract between the parties.   The contract was executed by the parties to this action on the 25th day of May, 1895, and the following is the only portion thereof that it will be necessary to quote in order to determine its meaning and intent, and to enable a decision to be made upon the issues involved:

"This agreement, made this 25th day of May, 1895, between the firm of .I. Tannenbaum, Son & Co., of the city of New York, parties of the first part, and Joseph B. Bloomingdale, of the city of New York, party of the second part, witnesseth that, for and in consideration, * * * it is hereby stipulated and agreed by and between the parties hereto:  First. That said firm of I. Tannenbaum, Son & Co. is hereby authorized to, and shall, as agents of the party of the second part, and for his account, procure and pay premiums for all

fire insurance required .by the party of the second part * * * for the period of three years, subject to the conditions hereinafter stated, from the 1st day of June, 1895, to the 1st day of June, 1898, upon [here follows description of property to be insured], in any of the companies named on Schedule A, annexed to and forming a part hereof, or in such other companies as are, or may hereafter be, admitted to do business in this state, * * * at the uniform rate of 75 cts. per year. * * * The party of the second part further covenants and agrees that the said parties of the first part shall also, from time to time, as the same expire, renew all policies procured or renewed by them for the party of the second part, as aforesaid, during the said period of three years. * * *"

In accordance with the provisions of this contract, the plaintiffs, on March 6, 1896, procured policies of insurance upon the property of the defendant, for the amounts required by him, and at the rate specified in the agreement, which policies, instead of being for one year, as was evidently intended by the terms of the contract, were made to expire on May 1, 1897. This date of expiration, as appears by the testimony given upon the trial, was made at the request or upon notice from the Greenwich Savings Bank, a mortgagee of the insured, which notice was communicated to the plaintiffs by the private secretary of the defendant; and such notice must therefore be assumed to have been made with the knowledge and consent of the defendant. On May 1, 1897, the policies were renewed for one year, expiring on May 1, 1898. On April 25, 1898, the policies were again renewed from May 1, 1898, for one year, expiring on May 1, 1899; the original policies being sent to the Greenwich Savings Bank, the mortgagee, and the duplicates to the insured, as had been done with the previous policies and renewals. The duplicate policies were returned to the plaintiffs on April 27, 1898, by the defendant, upon the ground that the contract between the parties expired on June 1, 1898, and. that the plaintiffs had no authority to renew policies for a time extending beyond that date. The duplicate policies were again, on the same day, sent to defendant; and subsequently, and after this action was commenced, both the originals and the duplicates were returned to the plaintiffs. This action was brought to recover the premiums for one year upon said last-mentioned renewals, at the rate fixed and agreed upon in the contract.

The only question for the determination of the court was as to the right of the plaintiffs to procure renewals of policies as of May 1, 1898, and expiring May 1, 1899, under the terms of the agreement of May 25, 1895. The primary rule in the interpretation of a contract is to gather the intention of the parties from the words as contained in the entire instrument, and the court may be assisted in such interpretation of a written contract by proof of such surrounding facts and circumstances as the parties are presumed to have considered when their minds met, and as existed at the time of the execution and delivery of the contract. An examination of the contract in question shows that by express terms it is provided that the plaintiffs "shall procure and pay for all insurance required by the defendant * * * for the period of three years"; that they "shall, * * * from time to time, as the same expire, renew all policies procured or renewed by them * * * during the said period of three years"; and that the rate of insurance is fixed by the year. It is therefore

apparent that, at the time the contract was made, a yearly term of insurance was contemplated by the parties. It may reasonably be assumed that at the time the contract was made the defendant was already insured, for the reason that from the date of the contract, May 25, 1895, up to March 6, 1896, as appears by the testimony, the plaintiffs had neither issued any policies, nor procured renewals of any, and therefore for a period of nine months had no benefits under their contract. If an insurance for a term of less than one year was contemplated, it may well be presumed that the plaintiffs would have insisted that any insurance already obtained elsewhere by the defendant be canceled, and that policies procured by them be taken by the defendant under the terms of the contract. A further evidence that a term of one-year insurance was intended by the parties is gathered from the fact that, when the first insurance upon the defendant's property was placed by the plaintiffs, the change of the yearly terms of the policies was made at the request of the mortgagee, and with the knowledge and consent of the defendant, and those policies were made to extend more than one year, and to expire May 1, 1897. When these policies required renewing, they were renewed for one year, in exact accordance with the terms of the contract. The reasonable construction of the terms of the agreement is, and it must be taken to mean, that all policies expiring during the three years between June 1, 1895, and June 1, 1898, should be renewed for the term for which such policies were originally issued, viz. one year. Force and effect are thereby given to the evident intent of the parties, and the proper and correct meaning is applied to the word "renew," as used in connection with the other language of the agreement and the surrounding facts and circumstances. The word "renew" means, "specifically, to substitute for an old obligation a new one of the same nature." Webst. Dict. Any other construction would be repugnant to the real meaning of the contract, and contrary to the intent of the parties, as shown by their subsequent acts in connection therewith. It would be inequitable to hold that under the terms of the contract in question the plaintiffs could have insurance and renewals upon the property of the defendant from March 6, 1896, to June 1, 1898, a period of 27 months, only, when the contract plainly contemplates and calls for the business of and for a period of 36 months. It follows, then, that the procuring of the renewals of the policies from May 1, 1898, to May 1, 1899, being for the time designated by the terms of the written instrument, was in accordance therewith, and is binding upon the defendant, and the defendant is liable for the amount of the premiums at the rate provided for in said contract and such renewals.

The point taken by the appellant, that one of the renewals obtained by the plaintiffs for the defendant under the terms of the contract was in a company other than the one in which the defendant was first insured, is not well taken, for the reason that the contract (Schedule A) contains a list of companies in which the plaintiffs had the option of placing the defendant's insurance, and the renewal complained of was placed in one of the companies named in such list. The judgment should be affirmed.

Judgment affirmed, with costs to respondents. All concur